IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br>Selma Lee Bolden<br><br>**Debtor(s)**.<br><br>―――――――――――――<br><br>Progress Residential Borrower 18, LLC<br><br>**Movant**<br><br>v.<br><br>Selma Lee Bolden, Debtor(s), Maya Bolden, Codebtor(s)<br>  Melissa J. Davey, Trustee<br><br>**Respondents**. | CASE NO. 25-64842-pmb<br>CHAPTER 13<br><br>Judge Paul Baisier<br><br>CONTESTED MATTER |

**PROGRESS RESIDENTIAL BORROWER 18, LLC'S**
**MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY and CODEBTOR STAY**

COMES NOW, Progress Residential Borrower 18, LLC (hereinafter "Movant"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and, pursuant to 11 U.S.C. §§ 362(d) and 1301, moves the Court for an order lifting the automatic stay (hereinafter, the "Motion"), respectfully showing this honorable Court as follows:

1.

This is a Motion under Section 362(d) and 1301 of the Bankruptcy Code for *in rem* relief from the automatic stay for all purposes allowed by law and the contract between the parties including, but not limited to, the right to proceed with a Dispossessory Action.

2.

1

Selma Lee Bolden (hereinafter, "Debtor(s)") filed a voluntary petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code on December 19, 2025, and is, therefore, subject to the jurisdiction of the Court.

3.

This Court has jurisdiction over this Motion pursuant to 11 U.S.C. §§ 362, 363, and 1301.

4.

Maya Bolden (hereinafter, "Codebtor(s)") previously filed bankruptcy under protection of the Chapter 13 of the Bankruptcy Code on January 3, 2025, as assigned case number 25-50064-pmb with the United States Bankruptcy Court, Northern District of Georgia ("First Case"); the First Case was dismissed on January 22, 2025, due to Codebtor's failure to pay filing fees. *See* First Case, Docket.

5.

Codebtor subsequently filed bankruptcy under protection of the Chapter 13 of the Bankruptcy Code on September 11, 2025, as assigned case number 25-60501-pmb with the United States Bankruptcy Court, Northern District of Georgia ("Second Case"); the Second Case was dismissed on October 1, 2025, due to Codebtor's failure to pay filing fees. *See* Second Case, Docket.

6.

Movant is a landlord/creditor pursuant to a Residential Lease Agreement dated July 15, 2024, at a rate of $2485 per month, plus utilities as-incurred and fees accruing thereunder (hereinafter, the "Lease"). The Lease is executed by Selma Lee Bolden, relative to certain property known as 6109 Hemperly Rd, Atlanta GA 30349, (hereinafter, the "Property"). A true and correct copy of the Lease is attached hereto as **Exhibit A** and incorporated herein by reference.

2

7.

Movant possesses an interest secured via real property, particularly being the record owner of the Property as memorialized by that certain deed recorded at Deed Book 64850, Page 683, Fulton County, Georgia real property records.

8.

On November 22, 2024, Movant filed a dispossessory proceeding pursuant to state law with the Fulton County State Court, CAFN 24DD011996 ("State Court Action").

9.

Within the State Court action, Debtor and Codebtor filed a timely responsive pleading, attached hereto as **Exhibit B** ("Answer"). Within said Answer, Codebtor identifies as residing in the Property, stating that due to Debtor's hospitalization, "the rent falls on me."

10.

Movant avers that, pursuant to the terms and conditions of the Lease, the Debtor(s) are currently in default under the terms of the Lease for non-payment of rent in the amount of $54,224.51; of the foregoing amount, $14,882.89 predates the commencement of the described serial bankruptcy filings as sums owing prior to January 2025.

11.

The First Case was filed on January 2, 2025; the First Case being filed between the notice of hearing within the State Court Action being sent on/about December 20, 2024, with said hearing noticed for January 7, 2025.

12.

The First Case was dismissed on January 22, 2025, due to failure to pay filing fees. See First Case, Doc. 12.

13.

The Second Case was filed on September 11, 2025; the Second Case being filed between the notice of hearing within the State Court Action being sent on/about August 29, 2025, with said hearing noticed for September 12, 2025.

14.

The Second Case was dismissed on September 29, 2025, due to failure to pay filing fees. See Second Case, Doc. 16.

15.

The instant bankruptcy was filed on December 19, 2025; the instant bankruptcy being filed between the notice of hearing within the State Court Action being sent on/about December 16, 2025, with said hearing noticed for December 23, 2025.

16.

The First Case, the Second Case, and the instant bankruptcy are part of a scheme to delay, hinder, or defraud Movant, as evidenced by the multiple filings of bankruptcy affecting the real property at issue. 11 U.S.C. § 362(d)(4)

17.

Within the Bankruptcy Petition, Debtor concedes being reliant on family income, including in sustaining the Property, identifying family as the sole source of Debtor's income in 2024 ($12,000.00) and a substantial source of Debtor's income in 2023 ($4,000.00 of $19,000.00 in declared income). See Docket No. 1, Official Form 107, pp. 8-9; see also page 14 (sworn declaration of Debtor of the accuracy of information disclosed on Official Form 107).

18.

By contrast Debtor, in applying in 2024 to rent the Property from Movant, identified having a gross monthly income of $6,500.00 per month, with additional income of $1,200.00 per month, upon which Movant reasonably relied in leasing the Property to Debtor. See **Exhibit C**, attached hereto.

19.

Within the proposed bankruptcy plan, Debtor proposes rejecting the lease for the Property. See Doc. 6, pp. 5.

20.

Movant further avers there is cause, including the lack of adequate protection, for granting Movant's Motion for Relief from Automatic Stay. Furthermore, the stay should be lifted as the Debtor(s) do not have equity in the Property, and it is not necessary for an effective reorganization.

21.

Because the Lease provides, the Debtor(s) are responsible for Movant's reasonable attorney's fees and expenses.

22.

Pursuant to 11 U.S.C. § 362(d), Movant is entitled to a termination of the automatic stay, with respect to its Property, since the lack of adequate protection exists.

23.

Movant requests that the provisions of Bankruptcy Rule 4001(a)(4) be waived and/or modified so as to allow Movant to proceed immediately with a dispossessory action in the applicable state Magistrate Court.

24.

Movant further requests that this Court issue an order, based on the foregoing serial abuse of Section 362's protections, finding that Debtor and Codebtor engaged in conduct in violation of 11 U.S.C. § 362(d)(4), entitling Movant to a certified order to be recorded in the Fulton County, Georgia real property records as binding against all other Bankruptcy proceedings which may be filed within two years of the entry of such order.

WHEREFORE, Movant PROGRESS RESIDENTIAL BORROWER 18, LLC prays for the following relief:

(a) That this Court grant Movant's Motion for Relief From Stay;

(b) That the automatic stay pursuant to §§ 362(d) and 1301 of the Bankruptcy Code be terminated, annulled, modified, and lifted to permit Movant to pursue all remedies available under Georgia law to recover possession of the Property and to allow Movant to apply any security deposit held by Movant to any post-petition amounts which came due under the terms of the Lease, and that the property be abandoned as property of the estate;

(c) That the Court waive and/or modify Bankruptcy Rule 4001(a)(4) so as to allow Movant to proceed immediately with a dispossessory action;

(d) That the Court enter an order pursuant to 11 U.S.C. § 362(d)(4), in light of the filing of the petition being part of a scheme to delay, hinder, or defraud Movant involving a secured interest in real property due to the identified multiple bankruptcy filings affecting such real property, which shall be certified for recording in the Fulton County, Georgia, real property records;

(d) That the Court award Movant its attorney's fees and costs in bringing of this Motion; and

6

  (e)  For such other and further relief as this Court deems just and equitable.

  Respectfully submitted, this Tuesday, January 13, 2026.

| | |
|---|---|
| THE TOTTEN FIRM, LLC<br>5579 Chamblee-Dunwoody Rd, Ste B-136<br>Atlanta, GA 30338<br>(404) 692-4342 (Telephone)<br>mft@tottenfirm.com | /s/ Matthew F. Totten<br>MATTHEW F. TOTTEN<br>(Georgia Bar No. 798589)<br>ATTORNEY FOR MOVANT |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br>Selma Lee Bolden<br><br>Debtor(s).<br><br>Progress Residential Borrower 18, LLC<br><br>Movant<br><br>v.<br><br>Selma Lee Bolden, Debtor(s), Maya Bolden, Codebtor(s)<br>  Melissa J. Davey, Trustee<br><br>  Respondents. | CASE NO. 25-64842-pmb<br>CHAPTER 13<br><br>Judge Paul Baisier<br><br>CONTESTED MATTER |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that **Movant Progress Residential Borrower 18, LLC** has filed a **Motion for In Rem Relief from Automatic Stay and Codebtor Stay** and related papers with the Court in the above-referenced matter, seeking an order lifting the automatic stay as to certain real property located at 6109 Hemperly Rd, Atlanta GA 30349.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on **Motion for In Rem Relief from Automatic Stay and Codebtor Stay** at **9:00 A.M. (ET) on Thursday, February 5, 2026** in Courtroom 1202, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.

S. Bankruptcy Court, Room 1340, 75 Ted Turner Drive SW, Atlanta, GA 30303.  You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated:  Tuesday, January 13, 2026.

| | |
|---|---|
| THE TOTTEN FIRM, LLC | /s/ Matthew F. Totten |
| 5579 Chamblee-Dunwoody Rd, Ste B-136 | MATTHEW F. TOTTEN |
| Atlanta, GA 30338 | (Georgia Bar No. 798589) |
| (404) 692-4342 (Telephone) | ATTORNEY FOR MOVANT |
| mft@tottenfirm.com | |

# **CERTIFICATE OF SERVICE**

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***Notice of Hearing*** in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

> Karen King
> King & King Law LLC
> 215 Pryor Street, SW
> Atlanta, GA 30303
>
> Melissa J. Davey
> Standing Chapter 13 Trustee
> Suite 2250
> 233 Peachtree Street NE
> Atlanta, GA 30303

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

> Selma Lee Bolden, Debtor
> 6109 Hemperly Rd
> Atlanta GA 30349
>
> Maya Bolden, Codebtor
> 6109 Hemperly Rd
> Atlanta GA 30349

Dated:  Tuesday, January 13, 2026.


| | |
|---|---|
| THE TOTTEN FIRM, LLC<br>5579 Chamblee-Dunwoody Rd, Ste B-136<br>Atlanta, GA 30338<br>(404) 692-4342 (Telephone)<br>mft@tottenfirm.com | /s/ Matthew F. Totten<br>MATTHEW F. TOTTEN<br>(Georgia Bar No. 798589)<br>ATTORNEY FOR MOVANT |