

**IT IS ORDERED as set forth below:**

**Date: March 9, 2026**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>Selma Lee Bolden<br><br>**Debtor**. | CASE NO. 25-64842-pmb<br>CHAPTER 13<br><br>Judge Paul Baisier |
| Progress Residential Borrower 18, LLC<br><br>**Movant**<br><br>v.<br><br>Selma Lee Bolden, Debtor; Maya Bolden, Codebtor; and<br>Melissa J. Davey, Trustee<br><br>**Respondents**. | CONTESTED MATTER |

**ORDER AS TO PROGRESS RESIDENTIAL BORROWER 18, LLC MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY AND CODEBTOR STAY**

1

This matter came before the Court on Movant's *Motion for In Rem Relief From Automatic Stay and Codebtor Stay* (the "Motion")[Doc. No. 17], as filed on January 14, 2026, as to that residential real property known as 6109 Hemperly Rd, Atlanta GA 30349 (the "Property"). A hearing was scheduled on said Motion on February 5, 2026, as heard by this Court. At said hearing, counsel for Debtor Selma Lee Bolden ("Debtor"), counsel for Progress Residential Borrower 18, LLC ("Movant"), and counsel for the Chapter 13 Trustee appeared; neither the Debtor nor Codebtor, Maya Bolden ("Codebtor") ,individually appeared.

At said hearing, counsel for Debtor announced that subsequent to the filing of the Motion, an individual identified as Selma Bolden called Debtor counsel office, asserted having never lived in Georgia, having not authorized the instant bankruptcy proceeding, and asserted having not signed the residential lease at issue within the Motion. Debtor's counsel further identified that the identified Selma Bolden stated not knowing Maya Bolden but conceded could be one of several granddaughters. Counsel for Trustee acknowledged the foregoing statements by Debtor's counsel and advised that the foregoing issues raised had been escalated to the United States Trustee's office for further investigation.

Similarly, the instant bankruptcy proceeding proceeded in a similar manner as those related bankruptcy proceedings previously filed by Codebtor as identified by Movant in the Motion (25-50064-pmb and 25-60501-pmb, U.S. Bankruptcy Court, Northern District of Georgia), as announced by Counsel for Trustee, as Debtor failed to appear at the 341 meeting of creditors, failed to pay the second filing fee installment, and otherwise being subject to dismissal for Debtor's failure to comply with fundamental bankruptcy procedural matters.

THEREFORE, for the reasons set forth in the Motion and as argued at said hearing,

IT IS ORDERED that the Motion is DENIED as to the *in rem* relief set forth within 11 U.S.C. §§ 362(d)(4), as the Property at issue within the Motion as Movant is not a "creditor whose

claim is secured by an interest in real property" as contemplated within said statute. Movant otherwise set forth in its Motion, as acknowledged by Counsel for Trustee at the hearing, a pattern of multiple bankruptcy filings affecting the Property, with said bankruptcy proceedings not progressing substantively beyond an initial filing of a petition and in a scheme to otherwise delay and defraud Movant from obtaining lawful possession of the Property within a state court dispossessory proceeding actively pending since November 2024.

It is FURTHER ORDERED that the Motion is otherwise GRANTED, lifting the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2) for those reasons announced at said hearing as to that Property known as 6109 Hemperly Rd, Atlanta GA 30349. It is

FURTHER ORDERED that, pursuant to this Court's inherent authority set forth within 11 U.S.C. § 105(a), this Court GRANTS relief from the automatic stay as to the Property known as 6109 Hemperly Rd, Atlanta GA 30349. Movant is entitled to record this Order in a similar manner as set forth within 11 U.S.C. § 362(d)(4), and with this Order being binding in any other case filed pursuant to Title 11 of the U.S. Code which purports to affect the Property known as 6109 Hemperly Rd, Atlanta GA 30349 for a period of two years of entry of this order. It is

FURTHER ORDERED that a debtor in a subsequent case filed pursuant to Title 11 of the U.S. Code may move for relief from this Order based upon changed circumstances or for good cause shown after notice and hearing. It is

FURTHER ORDERED that, pursuant to Movant's Motion, the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) is waived to allow Movant to immediately proceed with a dispossessory action under state law.

[END OF DOCUMENT]

| ORDER PRESENTED BY: | SEEN AND NO OPPOSITION: |
|---|---|
| s/ Matthew F. Totten | /s/ Kelsey A. Makeever [w/ exp. perm.] |
| MATTHEW F. TOTTEN | Kelsey A. Makeever |
| (Georgia Bar No. 798589) | (Georgia Bar No. 371499) |
| THE TOTTEN FIRM, LLC | Office of Melissa J. Davey |
| 5579 Chamblee-Dunwoody Rd, Ste B-136 | Standing Chapter 13 Trustee |
| Atlanta, GA 30338 | Suite 2250 |
| (404) 692-4342 (Telephone) | 233 Peachtree Street NE |
| mft@tottenfirm.com | Atlanta, GA 30303 |

**Distribution List**:

Matthew F. Totten
The Totten Firm, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338

Karen King
King & King Law LLC
215 Pryor Street, SW
Atlanta, GA 30303

Melissa J. Davey
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303

Selma Lee Bolden, Debtor
6109 Hemperly Rd
Atlanta GA 30349

Maya Bolden, Codebtor
6109 Hemperly Rd
Atlanta GA 30349